BACOT *v.* BRISTER *et al.*[*]

(Division B.   Oct. 22, 1928.   Suggestion of Error Overruled
Nov. 19, 1928.)

[118 So. 543.   No. 27362.]

---

[*]Corpus Juris-Cyc References: Adverse Possession, 2CJ, section 549, p. 250, n. 58; Deeds, 18CJ, section 541, p. 438, n. 62.

*Broom & Gober,* for appellant.

*Naul & Yawn,* for appellees.

Argued orally by *J. A. Naul,* for appellees.

PACK, J. Appellant was complainant in the court below. She exhibited her bill, joining as defendants E. V. Brister, Mrs. Hattie Brister Bacot, and E. V. Brister, executor of Mrs. E. A. Brister, deceased. The suit arises over title to lands originally owned by J. W. H. Brister, now deceased, being the father of the parties to this litigation, and the husband of Mrs. E. A. Brister, deceased.

The bill alleges, in substance: That J. W. H. Brister died intestate in February, 1915, leaving as survivors his widow, Mrs. E. A. Brister, now deceased, and the complainant and defendants, the children of said decedents; that the decedent, J. W. H. Brister, died seized and possessed of a large estate consisting of lands and personal property, and there was no administration of the estate nor a distribution of property, except a partial distribution of some personal property by mutual agreement of the parties. That some time prior to the death of J. W. H. Brister, he executed a deed purporting to convey a portion of his lands to Mrs. E. A. Brister, his wife, and the bill alleges that there was no consideration, and that the deed did not become effective until after his death, and that the deed was a nullity and conveyed no title. The bill also alleges that at the same time the said J. W. H. Brister attempted to convey certain small tracts of land to complainant and also to her brother, B. B. Brister, the same being deeds of gift and not delivered by grantor, and not intended to be delivered in his lifetime; but that the ten-year statute of limitations has ripened complainant's title to said tract into a good title, whereas the statute did not apply to Mrs. E. A. Brister, since she was the widow, and entitled to occupy said land as her homestead during her life. The bill further alleges that said land attempted to be deeded to Mrs. E. A. Brister by her husband, the said J. W. H. Brister, descended to the widow and children in equal parts, complainant being one of the children; that Mrs. E. A. Brister died testate on May 17, 1926, her will being probated and contested

by appellant, and upon this issue the will was held to be valid. By the terms of the will her estate was bequeathed to Mrs. Hattie Bacot and E. V. Brister. Accounting by the executor and recovery of complainant's interest in the property were prayed for in the bill.

The answer denied all material allegations of the bill, and averred that it was the purpose and design of the said J. W. H. Brister to convey all his property to the different members of his family before his death; that he conveyed to each of his children a tract of land, and on August 13, 1913, executed a deed conveying all his remaining lands to his wife, Mrs. E. A. Brister, said last-mentioned deed purporting to describe the land by governmental subdivisions, but, by inadvertence of the draftsman, eighty acres of land were omitted; that Mrs. E. A. Brister went into adverse possession of all of said land under said deed; and that such adverse possession continued for a period longer than ten years prior to her death.

The assignments of error chiefly relied upon are: First. There was no delivery of the deed to Mrs. E. A. Brister. Upon this point, there was a sharp conflict in the evidence. The evidence for appellant tended to show that the elder Brister executed three deeds, viz., one to B. B. Brister, one to complainant, and one to Mrs. E. A. Brister, and placed them among his private papers in a trunk in his home kept for his individual use, and expressly stated that he had made deeds, but that they were not to be delivered, or become effective, until after his death; that he continued to use and occupy the premises up to the time of his death, which occurred about two years thereafter. For the defendants, there was evidence that the deeds were executed and given to Mrs. E. A. Brister, the wife, to keep, and that she kept them until the death of her husband, after which she placed her deed on record and went into exclusive, adverse possession of all the land deeded to her, together with the eighty

acres inadvertently omitted from the deed, and continued in such possession until her death in 1927. The chancellor resolved this conflict in the testimony in favor of defendants and dismissed complainant's bill. We cannot say this holding was manifestly wrong.

It is next argued that, since the eighty-acre tract was not included in the deed, Mrs. E. A. Brister got no title thereto.

We understand appellant's contention to be that, although it might be held there was a delivery of the deed, it could, in no wise, affect the title to this eighty-acre tract; that Mrs. E. A. Brister had the statutory right to a life estate in one hundred and sixty acres of her husband's land; that the statute of limitations would not run against her cotenants as to her occupancy of the homestead.

It was incumbent upon complainant to establish, by proof, that this eighty-acre tract formed a part of the homestead of one hundred and sixty acres. We find no proof in the record establishing, or tending to establish, this fact. If it were not a part of the homestead, and Mrs. E. A. Brister remained in adverse possession thereof, with notice to the other cotenants, for longer than ten years under an honest belief that it was within the calls of her deed, this would ripen into a good title. *Schuler et al.* v. *McGee,* 127 Miss. 873, 90 So. 713.

The proof shows that all parties to this suit understood she was claiming the entire tract, including this eighty acres. Her deed recited the acreage to be three hundred and sixty-four acres, which total would include this eighty acres. All the necessary elements of adverse possession, to place the statute in operation, are shown for about twelve years.

The finding of the chancellor is upheld, and the cause affirmed.

*Affirmed.*